We are going to go on to the 6th case of the day, and it, well actually it's the 5th case because we had one case that has been moved to another day. And this last case of the day is 1536-49 Carl Palan v. Commonwealth Edison, and it's Mr. Harper. Good morning. Yes, good morning. It still is morning. Just barely. Yeah. Good morning, Your Honors, and may it please the Court, I'm Douglas Harper. I'm here for Mr. Carl Palan. We're here asking the Court to reverse the dismissal that was based on judgment on the pleadings by the District Court. The case was dismissed because the District Court ruled that an affirmative defense of release was established by the pleadings. We asked the Court to reverse that ruling. We also asked the Court to reverse the denial of our Rule 59e motion, which brought to the District Court's attention that there was an error in the Court's ruling. Now, I want you to help me with something, please, because it seems to me that your argument is premised on the idea that performance is a necessary element in the formation of a valid contract in Illinois. Am I correct about that argument? Yes. Yes, Your Honor. Well, you see, because the Illinois cases do not really say that, I have had a problem. The cases hold that performance is an element of a breach of contract action, not an element needed to form a contract, and it seems to me that that distinction would be fatal to your argument. So, try and help me. Yes, Your Honor. Thank you. Well, Your Honor, the way that the cases phrase that requirement, the case of Tower Investors, LLC versus 111 East Chestnut Consultants, we cite that at page 20 of our opening brief. It says, included among the elements of an enforceable contract are, and then it lists the elements, and the fourth element is performance of all required conditions. But that can't be right, because performance could go years into the future. Perhaps what they're referring to is some consideration, but all aspects of performance don't determine whether the contract was formed. A material breach might give you grounds to rescind the contract, but the contract was formed with the initial meeting of the minds and some consideration. In this case, your client signed a waiver and he was allowed to, he got some compensation, he just didn't get full performance. Well, Judge, those are two different issues. One is what my client got, but back to the element of performance, what this case says, it lists four different elements. This is page 20. Yeah, but the problem is, what you're suggesting is that a contract is not a contract until performance is completed, and that can't be, because under contract law, how could you have a remedy for failure to perform? But the contract is there. It's just a question of, did you fulfill all the conditions? And so then you sue for performance, for a breach, a breach of the contract, but you can't use the performance, because otherwise we would never get there. We would never get to the contract, and we're always weighing, did they perform? You have to have the contract first. Judge, I understand your Honor's point, but again, when I look at what this case says. Yeah, but you don't have an Illinois case that says that's an element of a contract. Well, that's what this case says. And Tower Investors relies on another case, that Zip Burnham case, and that case verifies that to form a contract, all you need are offer and acceptance, consideration, and definite and certain terms. Which you have here. Which you have here, exactly. And performance is surely not needed to form a contract, and that's the problem. Well, Your Honor, we also cite Village of South Elgin versus Waste Management, which identifies performance as an element in an action to enforce a contract. No, I understand that. Yeah, exactly. That's what we're saying. That's the key, an action to enforce the contract. Yes, we don't have any quarrel with that, because that's an action to enforce the contract, as distinct from whether there is a contract. The four elements Judge Rovner cited, that's when you determine, that's how you determine if you have a contract. I'm confused as to why you're pressing this, because would you be without the remedy you want by seeking rescission for a material breach? Well, here's the problem, Judge, is that I personally was not counseled below on the motion to dismiss. I only came in on the Rule 15ib issue. And so I was presented with a scenario where the motion to dismiss had already been decided. And so I was left to determine, is there a 59e issue here? And so the 59e issue could not be, yes, there is this other claim that had not been presented to the district court. And so we'd like reconsideration so that we can raise these new issues. But what I did see is that the pleading itself denied the element of comments performance. And so I thought, how could, and this is a motion for judgment on the pleadings. Right. It's not a summary judgment. It's not a factual issue. It's based entirely on the pleadings. And so the question was presented to me, how could judgments on the pleadings have been granted when the pleading itself denies what Illinois law tells me is an element that's required to establish a contract? And so it seemed to me that that was the issue to present to the district court. And then once the matter is reconsidered, then, of course, there might be a claim for rescission. There might be our own claim for breach of contract. There might be many other avenues that we would elect to take. But first, we have to present an argument that's supported by existing law to ask the district court, to present to the district court that the initial dismissal should not have been entered. And so, again, I'm confronted by the fact that the pleading itself says, and here's what it says. It's in our appendix, page 10. It's paragraph 6.1 of Mr. Palin's pro se pleading. It says, and I'll quote it, while I satisfied my obligations under the terms of the severance waiver contract, the company repeatedly failed to do so. And so that's the pleading. And so I, and this is the only, this is all we have. Right. It's a motion. And it's unfortunate that you weren't trial counsel. It was a pro se complaint. But we can't upend the law in this area because it was an unfortunate circumstance. You know, so we're not going to change the Illinois law that's so well settled. It has to do with performance. Well, again, I understand the distinction the court's making. And we understand the position you're in. So. May I point out this one point then? Since the allegation in the complaint has to be taken as true, and since it's also not been tested, and I'd like to point out I'm not simply making the technical, I'm not simply pointing to a technical defect, and I'm not simply asking that the case be remanded so that ComEd could then simply plead, yes, we did perform. But I'd also like to point out ComEd does not dispute that there is a failure here in its own performance. And it admits. Well, they at least can't on the pleading. I'm sorry, your Honor? They can't at this stage on the pleading that hasn't been decided. No, I'm going further than that. I'm not simply saying that it's a pleading issue, but I'm saying that ComEd actually admits in its response brief that there is a defect in how much time they took to issue the severance payments, not the severance payments, the pension disbursements to Mr. Palin. And since the Q&A document. And so what he needs to do then is to just file another lawsuit then if he wants to, to say what he was entitled to, you know, ask for rescission in a separate suit, just like the district court suggested. Well, yes. You can't do it in this case. This is the wrong vehicle. And is that even though the pleading itself denies what Illinois law tells us is a contract element? Yes. And that's even though the release itself says that this case is governed by Illinois law? I mean, I just want to make sure that I'm clear about what the pleadings itself present. I think you've made the argument. All right. So this is viewed as a losing argument. Well, we haven't decided. There's three of us. I don't know what the other two will vote. Who knows what they're thinking? I understand. Well, thank you, Your Honor. Thank you. I appreciate the court's time. Thank you. Thank you. Come on up, Mr. Cesar. Cesar. Cesar. Cesar. Okay. May it please the court. I just wanted to get into more of the basic facts of this case, because I think it's important with respect to whether this is actually some injustice to Mr. Do you mean the basic facts or the basic pleadings? I mean, at this point, do we really even know what the underlying facts are? Don't we have to assume that your client didn't adequately perform under the contract? At this stage, on this record? No, Your Honor. And the reason is because there is a brief, conclusory allegation in the complaint that there was noncompliance. But there are a number of very specific allegations that are made. Mr. Palin was pro se, and footnote four of our brief sets out the case where you have a pro se litigant. Why don't you tell me what you think factually disputes the failure to perform? Well, number one is that the 401K funds and the severance or the pension benefits where Mr. Palin over and over again says this is his money. And I would direct the court to page 19 of our brief, that long quotation. We don't like to put in a long quotation, but I think this is extremely important where Mr. Palin basically says, I could either sign the waiver and accept the severance payments or take the 401K money and my pension balance money, which he indicates are two separate things, and see if I could live on that long enough so that I could continue with the lawsuit. And he said reluctantly, reluctantly, he gave up his rights to bring the lawsuit in exchange for over $90,000 in severance payments. Right, and those are facts that, I mean, we've read your brief. We've read their brief. We know that. So the only question is do you agree that there wasn't a contract? This has to do with performance. The district court didn't abuse its discretion. And the premise that the appellant is relying on is a faulty premise, a faulty legal basis. It's a faulty legal basis because Commonwealth Edison is not suing Mr. Palin for breach of contract. Under the Illinois law, a release is effective when signed. That is the effect of a release, and if someone who has signed a release is the plaintiff, as is the case in this case, then the plaintiff would have the burden of attacking the validity of the release, and that's the Ola's case and the Weissblatt case, and there's a lot of other cases that we signed. In addition to that, Mr. Palin in his reply brief, if you look at pages 13 and 14 of the reply brief, when he attempts to distinguish those cases, he basically says, well, those cases don't apply because I could come in and attack the validity of the release, but those cases would also provide if it is a voidable, not a void contract, then you would have to first ask for a rescission, ask that the parties be put back to the situation they were in before they signed, and Judge Feinerman specifically said to Mr. Harper, your client is unwilling to do that. Do you want to do that? And he said no. Right. So like we're on the same track with you in terms of the case law. You could tell that from the questions we were asking appellants counsel. That's correct, ma'am. Okay. The only other issue that I would like to bring up is before you even get there, you have the issue of the forfeiture. Mr. Palin, he's pro se, but he made a very cogent argument. He never said anything about the 401K money. He never said anything about any delay. What he said was I should be allowed to continue because I didn't have enough information in order to make a knowing and voluntary decision. And that would have been a fine argument, except it was wrong. Judge Feinerman correctly argued it was wrong. He decided every argument that was presented to him, and under those circumstances, it's improper to bring a Rule 59e motion to bring up something else. So both on the basis of the default and on the basis that Judge Feinerman was right, let alone he didn't abuse his discretion, we would ask that the court affirm the judgment below. Thank you very much. How much time? Oh, well, we'll give you a minute. The point that I want to make, I want to refer to the district court's reference to the Yassin opinion. It's Yassin v. J.P. Morgan Chase, 708 F. 3rd, 963. It's a decision of this court. At page 974, that's a case that's similar to this one. There was a release involved. The plaintiff in that case signed the release. He didn't contest that he signed it.  And so instead of arguing that there was no contract pleaded, he tried to bring a separate claim of fraudulent inducement. That was decided under New York law, and because New York law allows the release of future claims among other reasons. But if there were evidence of fraudulent inducement, that would be a ground to vacate the contract. Yes. It could be that, but your client doesn't want to give back the money he received, the $90,000, is it? Almost. We never got to the point of discussing that. But Judge Fineman did with your client. He asked him. Do you want to give the money back? He said no. He said you want to give the money back. At that point, he hadn't gotten the whole $90,000. He hadn't received it. Right. So he could have given it back. He could have said I don't want it. I don't want it. Well, that's correct. He never offered to give it back. That's not disputed, and I'm not disputing that at all. And that's the only problem with the rescission argument, is that your client doesn't really want rescission? But here in the Yassin opinion, what this court said about the release is it said, the terms of the release plainly bar all of Yassin's claims because the release was broad. But Yassin could still have a case if New York's courts were reluctant to enforce a release this broad. So, again, when I read this, I'm left to ask myself what case was this court identifying that would remain in light of the release? It's similar to this case in that both cases involve a release. Both cases involve a plaintiff who's challenging some aspect of the release, fraudulent inducement or ---- But you have to be willing to accept the consequences of rescission, which your client wasn't interested in. So then you're stuck with the contract and enforcing the contract. And I don't read Judge Finerman to preclude a state action to enforce the contract itself. He's just saying you can't go forward on a simple contract claim in federal court. Yes, yes. And he also ruled that we could not rely on our argument regarding the lack of the element of performance. Again, I appreciate the court's time. Thank you. We appreciate you both being here. And we thank you. And we will take the case under advisement. And we will go away. The court is in recess until tomorrow morning at 930. Thank you.